WALTER N. KELLEY CO. v. AUTO BODY CO.

1. SALES—BUYER'S INABILITY TO GO ON WITH CONTRACT—EVIDENCE —QUESTION FOR JURY.

In an action for the contract price of lumber delivered, evidence on the part of plaintiff that defendant was in default in making payment for 12 car loads, that there was yet coming to defendant over a million feet of lumber, that defendant advised plaintiff that it was impossible for it to take said lumber, and if it did it could not pay for it, *held*, to at least raise a question for the jury as to whether or not plaintiff had cause under the uniform sales act (3 Comp. Laws 1915, § 11896), for rescinding the contracts.

2. SAME—BUYER'S ACCEPTANCE OF CANCELLATION CONCLUSIVE OF
   ITS RIGHT TO RECOUP DAMAGES THEREFOR—MISTAKE.

    Where defendant sent a telegram to plaintiff acquiescing
in plaintiff's proposal to cancel the contracts, the court
should have instructed the jury that defendant could not
recoup damages on account of said cancellation, although
there was testimony to the effect that defendant intended
by said telegram to accept plaintiff's offer to modify the
terms of the contracts and keep them in force rather
than to accept cancellation of them.

Error to Ingham; Collingwood (Charles B.), J.
Submitted April 7, 1922. (Docket No. 35.) Decided
July 20, 1922. Rehearing pending.

Assumpsit by Walter N. Kelley Company against
the Auto Body Company for goods sold and delivered.
Judgment for defendant. Plaintiff brings error.
Reversed.

*Cummins & Nichols* (*Codd, Bishop & Kilpatrick* and
*Stuart E. Knappen,* of counsel), for appellant.

*Thomas, Shields & Silsbee,* for appellee.

BIRD, J. The plaintiff is a lumber broker with
offices at Detroit. The defendant is a manufacturer
of automobile bodies in the city of Lansing. This
suit was brought by plaintiff to recover the contract
price of 12 cars of lumber theretofore sold and de-
livered to defendant. Plaintiff recovered the contract
price of the lumber, but defendant recovered a large
sum in recoupment on account of plaintiff's failure to
carry out its contracts. It appears the defendant
purchased from plaintiff a large quantity of various
kinds of lumber in April, 1919. In July another
large purchase was made  Both orders aggregated
upwards of a million feet. The April orders were all
to be delivered on or before October first. The de-
livery of the July orders was to commence as soon as

the April orders had been delivered. The parties appeared to get on pretty well in their business relations until September, 1919. In September defendant commenced to request plaintiff to hold up deliveries and at the same time it got behind with its payments. This led to controversies by correspondence in which defendant was urged to make payment and to receive the lumber more promptly. On September 27th defendant advised plaintiff by letter it could not receive another foot of lumber in its yard, and that if it did it could not pay for it. Matters became so acute that Mr. Kelley went to Lansing on October 24th to consult with defendant's officials and see if he could collect what was due his company and arrange for a more rapid acceptance of the lumber. They discussed their differences at some length, but did not conclude anything except that Mr. Kelley should go home and write defendant what he would do. He did so and advised defendant, on October 25th, the terms upon which he would adjust matters. The changes in the new proposition had to do with the payments and times of delivery. Up to October 31st no reply to this letter had been received. Plaintiff then wired defendant, as follows:

"October 31, 1919.
"AUTO BODY COMPANY:
   "The proposition our letter 25th unless accepted before 12 o'clock, November 1st, is withdrawn.
                              "WALTER N. KELLEY CO."

Plaintiff immediately followed this wire with the following letter:

"October 31, 1919.
"AUTO BODY COMPANY:
   "We wired you today as follows, which we now confirm: 'Proposition our letter 25th unless accepted before 12 o'clock, November 1st, is withdrawn.'
   "It is absolutely necessary that we know where we stand on your orders at once, which necessitates

prompt action, and unless we have positive acceptance according to our proposition before tomorrow noon, November 1st, the same is withdrawn, for you certainly must admit that our disposition is nothing but fair, but we have our own little business to protect. We are receiving cancellations every day from the mills that we have lumber purchased from on account of our inability to move the lumber according to contract, and we are not going to hold orders for any concern and suffer the loss.

"WALTER N. KELLEY CO."

To this letter and telegram the defendant replied, by telegram, as follows:

"Lansing, Michigan, 1:50 P. M., November 1, 1919.

"WALTER N. KELLEY,
    "3032 Grand Blvd.,
    "Detroit, Michigan.
    "Proceed according to your letter October 31st. Have been endeavoring all day to reach you by 'phone, both office and residence.

"AUTO BODY CO."

On November 1st plaintiff wrote to defendant:

"November 1, 1919.
"AUTO BODY CO.:
    "We are in receipt of your telegram of this date, and according to your instructions we withdrew our proposition of the 25th ult.  On account of your not receiving the lumber and paying for it according to contract, we are cancelling all the unfilled portions of your different orders.

"WALTER N. KELLEY CO."

Subsequently, on November 3d, defendant wrote plaintiff that an error was made in its wire.  That it should have referred to plaintiff's letter of October 25th and not to the letter of October 31st.  In this letter it accepted plaintiff's new terms which were submitted in the letter of October 25th.  Plaintiff replied to this letter that it was too late, the con-

tracts had been canceled. Following this a demand was made upon defendant for payment of the 12 cars which had been delivered. This being refused plaintiff brought this action to recover therefor. Defendant, under the general issue, gave notice it would claim damages for plaintiff's failure to carry out the contracts and for its failure to deliver lumber which was in accordance with the contract.

1. The most important question involved is whether plaintiff had a right to rescind the contracts. The trial court was of the opinion that plaintiff had no legal right to rescind them, and the jury were instructed that plaintiff had made no showing which would justify a rescission of them. The uniform sales act, which must control this question upon the law, provides that:

"When seller may rescind contract or sale. Where the goods have not been delivered to the buyer, and the buyer has repudiated the contract to sell or sale, or has manifested his inability to perform his obligations thereunder, or has committed a material breach thereof, the seller may totally rescind the contract or the sale by giving notice of his election so to do to the buyer." 3 Comp. Laws 1915, § 11896.

The inquiry therefore arises whether defendant repudiated the contracts, whether it manifested its inability to perform the contracts, or whether it committed a material breach thereof. Our attention has not been called to any testimony of an express repudiation of the contracts, but there is testimony which tends to show defendant's inability to carry them out. There is likewise testimony tending to show a material breach thereof.

Referring to his conversation with Mr. Jackson, of the defendant company, on October 24th, Mr. Kelley testified:

"In my conversation with Mr. Jackson I tried to

find out when they would take in the balance of the lumber. I explained to him the necessity of our moving this lumber; that the mills were all kicking and threatening cancellation, and that we must move the lumber; that the mills would not hold it any longer for us; *and he stated to me that it was just impossible for them to take in the lumber, and if they did take it in they could not pay for it.*"

Here is a plain declaration by defendant of its inability to carry out the contracts at that time, and its inability to say when it could carry them out. If we consider this declaration in connection with the numerous letters which preceded it, requesting that deliveries be held up, the fact that the April contracts were all nearly 30 days overdue, and in connection with the further fact that defendant was in default in making its payments, it is very persuasive that defendant was unable at that time to carry out its contracts.

These same facts show a material breach of the contracts. The material and essential things about these contracts were the delivery of the lumber and the payment therefor. On October 24th there was yet due defendant on these contracts over a million feet of lumber. Defendant owed for 12 cars which had been delivered, 6 of which had been used. In this situation defendant deliberately advises plaintiff that it was impossible for it to take the lumber and if it did take it in it could not pay for it, and when pressed to state when it could take it in there was no reply. If these conditions did not create a material breach of the contracts it would be difficult to understand how a breach of them could be brought about.

But it is argued that the quality of some of the 12 cars was in dispute, that some of them were subject to adjustments. True, some of them were in dispute, but some of them were not in dispute, and

no reason could be, or was, given why that part had not been paid for. Six cars of the 12 had been used. But even if all of the 12 cars had been in dispute and had been subject to adjustment, the question of deliveries was still open and no satisfaction was given to plaintiff when it asked when the deliveries could be made.

Had the proofs ended here the questions of inability to carry out the contracts and a material breach thereof would, at least, have been proper questions for the jury. When defendant advised Mr. Kelley it could receive no more lumber, and if it did it could not pay for it, he did not then and there rescind the contracts. He went home and varied the terms of the contracts and agreed to go forward with them if the new terms were agreed to. The new terms were reasonable with no increase of price. These terms were sent to defendant. Plaintiff waited nearly a week and no answer. A wire that the terms must be accepted by November 1st or they would be withdrawn went forward to defendant. In reply to this a telegram was sent by defendant saying to plaintiff it could act on its letter of October 31st. This was clearly an acquiescence in plaintiff's intention to withdraw the new terms and rescind the contracts. The subsequent letters of defendant did not contest its right to rescind the contracts but simply argued that a mistake was made in its telegram. If the questions of defendant's inability to perform and a breach of the contracts were proper ones for the jury before this telegram was sent, after it was sent it was then a question for the court. It was an acquiescence in plaintiff's act of rescission. Subsequently, and on November 3d, defendant undertook to accept the new terms and claimed its telegram was in error in referring to plaintiff's letter of the 31st rather than to the letter of October 25th, in which the new terms were stated. Even

though defendant's telegram was an error plaintiff had a right to act on it, and no effort was made by defendant for several days thereafter to correct it. We are of the opinion that the trial court was in error in failing to instruct the jury that no recovery could be had for plaintiff's failure to carry out its contract as to the undelivered lumber.

2. With the foregoing question eliminated there remains plaintiff's claim for the contract price of the 12 cars of delivered lumber.    There also remains defendant's right of recoupment for damages on account of plaintiff's failure to furnish the quality of lumber specified in the contracts.    These are questions of fact which should be submitted to the consideration of a jury on a retrial.

The judgment is reversed and a new trial ordered, with costs of this court to plaintiff.

FELLOWS, C. J., and WIEST, MCDONALD, SHARPE, MOORE, and STEERE, JJ., concurred.    CLARK, J., did not sit.