McALLISTER *v.* MICHIGAMME OIL CO.

1. SALES—BREACH BY BUYER BEFORE DELIVERY ENTITLES SELLER TO
   RESCIND.
      Under the uniform sales act (3 Comp. Laws 1915, §
      11896), if a buyer commits a material breach of the con-
      tract of sale before delivery of the property sold, the
      seller has a right to rescind.[1]

2. SAME—BILLS AND NOTES—BANKABLE NOTES.
      Bankable notes, agreed to be given by the buyer of an oil
      station, *held*, to mean notes bankable in the banking com-
      munity in which the sellers resided.[2]

3. SAME—BREACH OF CONTRACT—RESCISSION.
      Notes which banks in the community in which the
      sellers resided would not accept without the sellers' in-
      dorsement were not bankable within the meaning of an
      agreement by the buyer of an oil station to give bankable
      notes in payment therefor, and the giving of such notes
      constituted a breach of the contract justifying rescission.[3]

Appeal from Washtenaw; Sample (George W.), J.
Submitted January 16 1925.    (Docket No. 110.)    De-
cided April 3, 1925.

Bill by William L. McAllister, Sr., and William L.
McAllister, Jr., copartners as William McAllister &
Son, against the Michigamme Oil Company and others
for rescission of contract of sale, and for an injunction.
From a decree dismissing the bill, plaintiffs appeal.
Reversed, and decree entered for plaintiffs.

*Frank E. Jones,* for plaintiffs.

*Frank B. De Vine,* for defendants.

CLARK, J.    Plaintiffs, copartners, trading as Wil-

[1]Sales, 35 Cyc. p. 131; [2]Bankable, 6 C. J. § 1180; [3]Sales, 35 Cyc.
p. 133.

liam McAllister & Son, at the village of Saline, agreed to sell to defendant Michigamme Oil Company personal property, viz., a small building on leased land, gasoline tank and pump, and some other articles, for $800, to be paid $200 down in cash, remainder in six notes of $100 each to come due monthly with interest. Defendant Cox is president of the defendant company. He agreed for it that the notes would be "bankable," or "cash notes" "six money notes that would bring the money without any trouble" as plaintiff William McAllister says. A bill of sale was executed, the $200 paid, and the six notes executed by the defendant company on April 9, 1924. The notes and the bill of sale were left with defendant Curtis, cashier of the Citizens' Bank of Saline, to be delivered on May 1st following, when the property was also to be delivered. But it appears that delivery of the notes to plaintiffs before that day was authorized later. Shortly before May 1st, plaintiffs applied to the said bank, who refused to purchase the notes. They were also refused by a bank in Ann Arbor, a city in the same county. William McAllister complained to Cox on April 28th, saying "I cannot sell these notes at the bank; the bank says they are no good." Cox replied: "You probably did not go to the right bank; you take the notes down to the Saline Savings Bank and they will cash them for you." William McAllister went to the Saline Savings Bank, who required indorsement of the notes by him as a condition of purchase, or as he says, "I was not able to get the money on the notes at the Saline Bank unless I was principal; I asked if I would have to become principal; he said, 'Absolutely.'" William McAllister left his check, which has been kept good, in favor of the defendant company for $200 with defendant Curtis (who then had also the notes and the bill of sale), and notified defendant that the deal was off. On April

30th, plaintiffs filed this bill seeking rescission (with the usual allegation and tender), and an injunction to prevent interference with the property by defendants. The bill was dismissed.    Plaintiffs have appealed.

If defendant, the buyer, committed a material breach of the contract, the property not having been delivered to the buyer, plaintiffs, the sellers, had the right to rescind.    3 Comp. Laws 1915, § 11896 (uniform sales act) ; *Walter N. Kelley Co.* v. *Auto Body Co.*, 219 Mich. 486; *Diamond Lumber Co.* v. *Anderson*, 216 Mich. 71, at page 92.    Was there a material breach?    Plaintiffs were to have bankable notes, notes readily convertible into money.    Notes of that character were not provided or offered at any time.    One bank in Saline refused them.    The other bank would not take them unless William McAllister became personally liable on them as indorser.    We think it was contemplated that the notes were to be bankable at Saline, plaintiff's banking community where they resided, but plaintiffs did try unsuccessfully to dispose of them in Ann Arbor.

*Pasha* v. *Bohart*, 45 Mont. 76 (122 Pac. 284, Ann. Cas. 1913C, 1250), is a case in point.    Cattle were to be sold for cash or its equivalent, bankable notes. Defendant gave a note which could not be negotiated in that community except by the plaintiff's personal indorsement.    The court said:

"What is the meaning of the word 'bankable' in this particular instance?    All of the facts and circumstances surrounding the transaction are to be taken into consideration in answering the inquiry.    The plaintiff desired to sell his cattle.    No discount for cash was to be allowed.    Why?    Manifestly because it was intended that the cattle should be sold for cash, or its equivalent.    The bankable notes, if any were taken, were to be convertible into cash without recourse to the personal responsibility of the individual to whom they were given; that is, the payee or seller of the cattle.    It is altogether unreasonable to suppose

that the paper was to be made bankable by virtue of the indorsement of the person whose aim was to sell his property for cash."

See, also, *Edward P. Allis Co.* v. *Madison, etc., Power Co.*, 9 S. D. 459 (70 N. W. 650); 6 C. J. p. 1180.

There was a material breach and plaintiffs therefore had the right to rescind. Decree reversed. Plaintiffs will have decree for the relief prayed, and providing for repayment to defendant or into court for it the sum of $200, with lien on the property until paid. Plaintiffs will have costs of both courts.

McDonald, C. J., and Bird, Sharpe, Moore, Steere, Fellows, and Wiest, JJ., concurred.